## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ELSTON A. DUBOIS,<br><br>        Plaintiff,<br><br>  v.<br><br>GATEWAY SERVICE STATION, LLC d/b/a<br>GATEWAY SERVICE STATION,<br>MOHAMAD HAMAD, ALI YUSUF, and<br>AMJAD YUSUF,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 2019-0010<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Gateway Service Station, LLC, Mohamad Hamad, Ali Yusuf, and Amjad Yusuf*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the Order to Show Cause entered on October 5, 2021 directing Plaintiff Elston A. Dubois ("Plaintiff") to show cause why this matter should not be dismissed for failure to prosecute. (Dkt. No. 15). For the reasons discussed below, the Court will dismiss Plaintiff's claims without prejudice for failure to prosecute.

### I.    BACKGROUND

Plaintiff filed his Complaint on March 26, 2019 against Defendants Gateway Service Station, LLC, Mohamad Hamad, Ali Yusuf, and Amjad Yusuf (collectively, "Defendants"). (Dkt. No. 1). The Complaint asserts claims of assault, false imprisonment, and intentional infliction of

emotional distress against all individual Defendants (Counts I, III, and V); battery against Defendant Hamad (Count II); and vicarious liability on the part of Gateway for the actions of the individual Defendants (Counts IV and V). *Id.* Plaintiff's claims all arise from a dispute and altercation that allegedly occurred at the Gateway Service Station on Saturday, March 26, 2017 between Plaintiff and the individual Defendants. *Id*. at ¶¶ 8, 23.

On May 1, 2019, Defendants filed a "Motion to Dismiss" seeking to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 10). Plaintiff moved for two extensions of time to respond to Defendants' Motion to Dismiss. (Dkt. Nos. 11, 13). The Court granted both motions for extension of time, ultimately giving Plaintiff up to and including May 31, 2019 to file a response to Defendants' Motion to Dismiss. (Dkt. Nos. 12, 14). No response was ever filed.

On October 5, 2021, the Court issued the instant Order to Show Cause. The Order to Show Cause provided Plaintiff up to and including October 19, 2021 to "show cause why this matter should not be dismissed for failure to prosecute" and notified Plaintiff that his "failure to respond will result in dismissal of this action." (Dkt. No. 15). On October 20, 2021—one day after the deadline—Plaintiff filed a "Motion for Two-Day Extension of Time to Comply with Order to Show Cause." (Dkt. No. 16). Although the Court granted Plaintiff's Motion, to date—eleven days past the extended deadline—Plaintiff has not responded to the Order to Show Cause, nor has Plaintiff sought any further extensions of time within which to do so.

## II. APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") provides that a court may involuntarily dismiss an action based on a plaintiff's failure to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is often preceded by a motion from a

defendant. However, the Third Circuit has recognized that a district court has the authority to dismiss a case *sua sponte*, provided that the plaintiff is provided with an opportunity prior to dismissal to explain its reasons for failing to prosecute the case or to comply with a court order. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002)).

Generally, before a court may dismiss a case for failure to prosecute, it must first consider the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See Briscoe*, 538 F.3d at 258; *Nieves v. Thorne*, 790 Fed. App'x 355, 357 (3d Cir. 2019) (per curiam). Those factors are: "(1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense." *Briscoe*, 538 F.3d at 258 (quoting *Poulis*, 747 F.2d at 868) (internal quotation marks omitted) (emphasis in original). No one factor is dispositive in the balancing analysis. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013); *DDRA Capital, Inc. v. KPMG, LLP*, Civ. No. 04-0158, 2018 WL 813430, at *2 (D.V.I. Feb. 9, 2018) (citing *Briscoe*, 538 F.3d at 263). District courts are required "to consider these factors because dismissal with prejudice is, undeniably, a drastic sanction." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d at 246.[1] Ultimately, it is within the district court's discretion to invoke dismissal pursuant to Rule 41(b). *Honore v. United States Dep't of Agric.*, Civil Action

---

[1] A dismissal under Rule 41(b) is with prejudice unless the Court specifically states otherwise. *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020); *Matta v. Gov't of the Virgin Islands*, Civil Action No. 2011-0091, 2016 U.S. Dist. LEXIS 2221, at *3 (D.V.I. Jan. 8, 2016) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)).

No. 2016-0055, 2020 U.S. Dist. LEXIS 71065, at *5 (D.V.I. April 22, 2020) (citing *Thomas v. Bonnano*, Civil No. 2013-06, 2014 WL 642446, at *1 (D.V.I. Feb. 19, 2014)).

### III. DISCUSSION

With respect to the first *Poulis* factor—extent of Plaintiff's personal responsibility—courts look to whether the parties themselves are personally responsible for the failures. *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994).

Here, Plaintiff is represented by counsel and there is no indication that Plaintiff himself bears personal responsibility for his counsel's failure to respond to Defendants' Motion to Dismiss, meet deadlines and comply with the Court's orders. Accordingly, the Court finds that the first *Poulis* factor weighs against dismissal. *See Parks v. Ingersoll-Rand Co.*, 380 Fed. App'x 190, 194 (3d Cir. 2010) ("Here, there is no evidence that Parks bears personal responsibility for the action or inaction which led to the dismissal. Therefore, this factor weighs against dismissal." (internal citations omitted)). However, "this factor is not conclusive because a client cannot always avoid the consequences of the acts or omissions of its counsel." *DDRA Capital, Inc.*, 2018 WL 813430, at *2 (internal citation and quotation marks omitted); *see also Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537, 542 (E.D. Pa. 2006) ("While Herrman's counsel may bear the bulk of the responsibility for failure to prosecute this case, Herrman could have taken steps to advance her litigation, even if she had to retain new counsel to do so.").

Next, the Court considers the second *Poulis* factor—prejudice to the adversary. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 875 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).

As to whether burdens or costs were imposed on the opposing party, courts look at the "extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs." *Mendez v. Puerto Rican Int'l Cos., Inc.*, Civ. No. 05-174, 2013 WL 5460438, at *5 (D.V.I. Sept. 27, 2013) (quoting *Andrews v. Gov't of Virgin Islands*, 132 F.R.D. 405, 412 (D.V.I. 1990), *aff'd*, 935 F.2d 1280 (3d Cir. 1991)) (internal quotation marks omitted). There is no indication that Defendants have incurred such extra costs, having filed nothing beyond their Motion to Dismiss. (Dkt. No. 10).

However, Plaintiff's actions have caused this case to be delayed for over two years. Courts have noted that sheer delay can prejudice a defendant. *See Beaver Res. Corp. v. Brawand*, 618 Fed. App'x 736, 739 (3d Cir. 2013) ("Beaver's delays prolonged this case nearly three years. As a result, it is likely that Brawand's litigation costs were increased, and witnesses whose testimony at trial would have been valuable are now deceased."); *Chiang v. Vilsack*, Civil Action No. 2013-0082, 2018 U.S. Dist. LEXIS 166042, at *5 (D.V.I. Sept. 27, 2018) ("[T]he Court concludes that this factor weighs somewhat in favor of dismissal because the sheer length of the delay in this case suggests prejudice to Defendants."); *Mendez*, 2013 WL 5460438, at *5 ("Excessive delay may create a presumption of prejudice."). Thus, the Court finds that, despite the lack of evidence of extra costs incurred by Defendants, due to the excessive delay in this matter the second *Poulis* factor weighs slightly in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether there has been a history of dilatoriness on Plaintiff's part. "The conduct for which dismissal is sought 'must be evaluated in light of [a party's] behavior over the life of the case.'" *DDRA Capital, Inc.*, 2018 WL 813430, at *3 (quoting *Adams*, 29 F.3d at 875). "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness

5

in complying with court orders." *Briscoe*, 538 F.3d at 260 (quoting *Adams,* 29 F.3d at 874) (internal quotation marks omitted).

In this case, Defendants filed their Motion to Dismiss on May 1, 2019. (Dkt. No. 10). Plaintiff moved for a one-week extension to respond to the Motion to Dismiss. (Dkt. No. 11). The Court granted Plaintiff's Motion and ordered that Plaintiff had up to and including May 28, 2019 to file his response. (Dkt. No. 12). On May 31, 2019—three days after the deadline—Plaintiff filed a second Motion for Extension of Time, requesting a three-day extension of the deadline—until May 31, 2019—to file his response to Defendants' Motion to Dismiss. (Dkt. No. 13). The Court granted Plaintiff's second Motion and ordered that Plaintiff shall have up to and including May 31, 2019 to file his response to Defendants' Motion to Dismiss. (Dkt. No. 14). Plaintiff never filed a response to Defendants' Motion to Dismiss and still has not filed a response to this day—over two years and five months later.

On October 5, 2021, the Court issued the instant Order to Show Cause. The Order to Show Cause provided Plaintiff up to and including October 19, 2021 to "show cause why this matter should not be dismissed for failure to prosecute" and notified Plaintiff that his "failure to respond will result in dismissal of this action." (Dkt. No. 15). On October 20, 2021—one day after the deadline—Plaintiff filed a "Motion for Two-Day Extension of Time to Comply with Order to Show Cause." (Dkt. No. 16). The Court granted Plaintiff's Motion and provided Plaintiff up to and including October 21, 2021 to show cause why this matter should not be dismissed for failure to prosecute. (Dkt. No. 17). Despite being granted his requested extension, Plaintiff did not file a response to the Court's Order to Show Cause, and has not done so to date—eleven days after the extended deadline.

This record reflects that Plaintiff has had a history of dilatoriness in this case by missing court-ordered deadlines through the entire course of the case. The Third Circuit noted in *Poulis* that, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable." 747 F.2d at 868. Accordingly, the Court finds that the third *Poulis* factor weighs in favor of dismissal.

As for the fourth *Poulis* factor—whether the conduct of Plaintiff or his counsel was willful or the result of bad faith—the Court finds that this weighs in favor of dismissal. Under the fourth factor, the Court "must consider whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams,* 29 F.3d at 875). "Generally, '[w]illfulness involves intentional or self-serving behavior.'" *Id.* (quoting *Adams,* 29 F.3d at 875); *see also Hudson v. Coxon*, 149 Fed. App'x 118, 120 (3d Cir. 2005) ("Willful is not synonymous with intentional. Rather, conduct is willful if it exhibits signs of 'strategic or self-serving' behavior."). "Merely negligent or inadvertent behavior does not rise to the level of willful or bad faith conduct." *Sanford v. Bracewell LLP*, Civil Action No. 13-1205, 2017 WL 2797869, at *10 (E.D. Pa. June 27, 2017) (citing *Poulis*, 747 F.2d at 868-69).

The Court has granted Plaintiff's multiple requests for extension of time, and despite these extensions of time, Plaintiff has still failed to respond to Defendants' Motion to Dismiss for over twenty-nine months. Additionally, Plaintiff has failed to respond to the Court's Order to Show Cause despite the express warning in the Order that "Plaintiff's failure to respond will result in dismissal of this action." (Dkt. No. 15 at 2). Plaintiff's counsel is clearly aware of the various filing obligations given that Plaintiff has filed multiple requests for extension of time. Nonetheless, Plaintiff has chosen not to respond. *See Chiang*, 2018 U.S. Dist. LEXIS 166042, at *6 ("The record

establishes that Plaintiffs were aware of Defendants' Motion to Dismiss and of their obligation to timely respond to the Motion, as they twice sought extensions of time to file their response. Nonetheless, Plaintiffs neglected their obligation—seemingly willfully—and have yet to file a response approximately four-and-one-half years later."). The Court can only describe Plaintiff's actions as willful. *See Sanford*, 2017 WL 2797869, at *10 ("When the plaintiff has failed to comply with instructions of the court directing the plaintiff to take specific actions in this case, the court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for th[e] case and the court's instructions." (quoting *Metro Metals USA v. All-State Diversified Products, Inc.*, Civil Action No. 12-1448, 2013 WL 1786593, at *2 (D.N.J. Apr. 25, 2013) (internal quotation marks omitted)); *Hayes v. Nestor*, Civil No. 09-6092 (NLH/AMD), 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth *Poulis* factor." (internal citations and quotation marks omitted)).

With regard to the fifth *Poulis* factor—the effectiveness of alternative sanctions—"[a] District Court must consider the availability of sanctions alternative to dismissal." *Briscoe*, 538 F.3d at 262 (citing *Poulis*, 747 F.2d at 869). The Third Circuit has identified a number of alternative sanctions available to a court, including "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees . . . [or] the preclusion of claims or defenses." *Titus v. Mercedes-Benz of North America,* 695 F.2d 746, 759 n.6 (3d Cir. 1982) (citing *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 n.1 (1st Cir. 1977)).

The Court concludes that alternative sanctions would be unavailing here. Notwithstanding the absence of a response to Defendants' Motion to Dismiss in over twenty-nine months, the fact

that the Court has already accorded Plaintiff substantial leniency in granting multiple requests for extension of time, and despite an explicit warning that failure to respond to the Order to Show Cause would result in the dismissal of the action, Plaintiff remains unresponsive. The Court has no reason to believe that alternative sanctions would change Plaintiff's pattern of dilatory behavior. Thus, the Court sees no viable alternatives to dismissal under the circumstances here. *See Parks*, 380 Fed. App'x at 195 ("Parks' counsel had already failed to respond to a court order threatening sanctions. In this case, there existed no effective alternatives to dismissal that would have allowed the District Court to manage this case and its docket."); *Chiang*, 2018 U.S. Dist. LEXIS 166042, at *6-7 (finding fifth *Poulis* factor weighed in favor of dismissal where Plaintiff failed to respond to a motion to dismiss for several years and then failed to respond to court's order to show cause); *Allahar v. Clinical Lab., Inc.*, Civil Action No. 2011-0001, 2016 U.S. Dist. LEXIS 6474, at *19-20 (D.V.I. Jan. 20, 2016). ("Allahar was aware that her failure to comply could result in dismissal of her action. She has remained completely unresponsive to that and other Court Orders. Under these circumstances, the Court has no reason to believe that 'keeping the case open while applying alternative sanctions' would prompt Allahar to proceed with the case." (quoting *Parks*, 380 Fed. App'x at 195)).

The sixth and final *Poulis* factor is the meritoriousness of Plaintiff's claims. Under *Poulis*, a district court assesses the merits of a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *See Briscoe*, 538 F.3d at 263; *see also Poulis*, 747 F.2d at 869-70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). Defendants have filed a Motion to Dismiss in this matter arguing that Plaintiff's claims are barred by the statute of limitations and that the Complaint fails to sufficiently allege the amount in controversy to support

diversity jurisdiction. (Dkt. No. 10). Plaintiff's failure to respond to Defendants' Motion to Dismiss leaves the Court without the benefit of Plaintiff's perspective on the merits of his claims in light of Defendants' arguments such that the Court might properly assess this factor. Thus, the Court finds that this factor is neutral and does not weigh in favor or against dismissal. *See Chiang*, 2018 U.S. Dist. LEXIS 166042, at *7 (declining to weigh the sixth *Poulis* factor where plaintiff failed to respond to defendants' motion to dismiss); *Tutein v. Insite Towers, LLC*, Civil Action No. 2012-0071, 2016 U.S. Dist. LEXIS 10764, at *13 (D.V.I. Jan. 29, 2016) ("In view of the arguments made in Defendant's previously filed Motion to Dismiss . . . , the Court will not prematurely opine on the merits of Plaintiffs' claims. Because the Third Circuit has 'never held that *Poulis*' sixth factor is determinative,' the Court finds that this factor is neutral." (citing *Hudson*, 149 F. App'x at 120 n.2)).

## IV.     CONCLUSION

Based on the foregoing, the Court finds that four of the six *Poulis* factors weigh in favor of dismissal. In view of Plaintiff's repeated failures as described herein, the Court will exercise its discretion under Rule 41 to dismiss Plaintiff's claims against Defendants without prejudice for failure to prosecute.[2]

An appropriate Order accompanies this Memorandum Opinion.

Date: November 1, 2021                    _____/s/_____
                                          WILMA A. LEWIS
                                          District Judge

---

[2] There is no requirement that "all *Poulis* factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir.1988)). Further, the Court has discretion to dismiss cases with or without prejudice under Rule 41(b). *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1096 n.8 (9th Cir. 2017) ("Rule 41(b) does not preclude a district court's discretion to dismiss without prejudice.").